UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK TERRELL BIVINS,

    Petitioner,                                      Case No. 10-20397

v.                                            Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER DENYING PETITIONER'S
# AUGUST 22, 2017 MOTION FOR REDUCTION OF SENTENCE

This matter came before the court on petitioner Derrick Terrell Bivins' August 22, 2017 Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The government filed a response August 23, 2017; and Petitioner filed a reply brief September 14, 2017. No oral argument was heard.

On March 30, 2011, Derrick Bivins pleaded guilty to Interference with Commerce by Robbery, 18 U.S.C. § 1951(a), and Use of a Firearm During a Crime of Violence, 18 U.S.C. § 924(c). He was sentenced under the 2010 Sentencing Guidelines. In this, his second motion for reduction in sentence, petitioner Bivins bases his request on his completion of educational and behavioral programming by the Bureau of Prisons.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Sentencing Commission" referenced above are found in Section B1.10 of the Guidelines. Section 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range."

In this case, the guidelines under which petitioner Bivins' original sentence was calculated have not been amended or lowered. Accordingly, he is not eligible for an additional reduction in his sentence based on 18 U.S.C. § 3582(c)(2). However, the court echoes the sentiments expressed in the government's response brief in congratulating Mr. Bivins in his efforts "to improve himself and his opportunities for success upon his release from prison."

# **ORDER**

It is hereby **ORDERED** that petitioner Bivins' August 22, 2017 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

                                                   s/John Corbett O'Meara
                                                   United States District Judge

Date: September 28, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 28, 2017, using the ECF system and/or ordinary mail.

                                                   s/William Barkholz
                                                 Case Manager